UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| LEGEND'S CREEK LLC; JON RESTIVO; and ADEN MOTT, Plaintiffs, v. THE STATE OF RHODE ISLAND; and the RHODE ISLAND DEPARTMENT OF HEALTH, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 22-cv-309-JJM-PAS |

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

Plaintiffs Jon Restivo and Aden Mott operated Legend's Creek LLC, a business located in Foster, Rhode Island (collectively "Legend's Creek"). Legend's Creek sought a public water supply well permit from the Rhode Island Department of Health ("RIDOH") to install a commercial kitchen where it intended to process food products on site. RIDOH investigated and denied its application, finding no definitive evidence that a junkyard located on an adjoining property would not contaminate the groundwater for the public supply well.

After appealing RIDOH's decision to the Rhode Island Superior Court and being denied, Legend's Creek filed this suit under 42 U.S.C. § 1983, alleging six counts against Defendants the State of Rhode Island and RIDOH (collectively "the State") for takings and other due process violations. The State moved to dismiss the entire Complaint, and the Court dismissed all but Counts I and II, the two takings

claims.  ECF Nos. 18, 19 (Amended).  In its decision on the State's Motion to Dismiss, the Court held that the State was not entitled to Eleventh Amendment immunity for Legend's Creek's two takings claims[1] (Counts I and II) but dismissed the remaining claims.[2]  ECF No. 19.  Legend's Creek now moves for summary judgment on Count I of their Amended Complaint.  ECF No. 30.  The State first moves the Court to reconsider its decision that it is not entitled to sovereign immunity for the takings claims based on a manifest error of law and new caselaw.  The State then cross-moves for summary judgment on Counts I and II.  ECF No. 27.  Before getting to the cross motions for summary judgment, the Court will address the State's motion on sovereign immunity.

I. MOTION TO RECONSIDER

The First Circuit has made clear that motions to reconsider "are not to be used as a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court prior to judgment." *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) (cleaned up).  Instead, they "are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *Id.*  Because the Court is now

---

[1] The remaining two counts in the Amended Complaint are Count I, a per se physical taking in violation of the Fifth Amendment of the United States Constitution, and Count II, a regulatory taking.

[2] The Court dismissed the Fourteenth Amendment claims because it found that Plaintiffs failed to allege a protected property interest.  ECF No. 19 at 12.

persuaded, considering recent decisions from its sister courts and from the First Circuit, that it misapplied the law, it will now reconsider whether the State is immune under the Eleventh Amendment[3] for the takings claims alleged here.

## A.   ABROGATION

"Eleventh Amendment sovereign immunity bars claims seeking money damages against a state, a state agency, or a state official sued in his official capacity in federal court." *Soscia Holdings, LLC v. Rhode Island*, 677 F. Supp. 3d 55, 66 (D.R.I. 2023), *aff'd* No. 24-1397, 2026 WL 410697 (1st Cir. Feb. 13, 2026) (citing *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004)). "[T]here are limited recognized circumstances in which a state may be subject to suit, including when the state consents, when congress abrogates immunity, and when the *From the part Young* doctrine applies." *Id.*

Lost in the previous order is the importance of recognizing that Legend's Creek brought its claim under 42 U.S.C. § 1983. Section 1983 provides a federal cause of action against "[e]very person" who deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "[S]tates (including their departments and agencies), and state officials sued for money damages in their official capacities are not 'persons' within the meaning of § 1983."

---

[3] Plaintiffs argued in their objection to the State's original motion for summary judgment on immunity grounds, and reassert here, that the Eleventh Amendment does not bar suit against the State because the State waived sovereign immunity under the Governmental Tort Liability Act, R.I. Gen. Laws § 9-31-1.

3

*Soscia Holdings*, 677 F. Supp. 3d at 66 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

The United States Supreme Court's decision in *Will v. Michigan Department of State Police* lays out the dynamic between a § 1983 claim and the Eleventh Amendment:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, * * * or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

491 U.S. at 66 (citations omitted). Significantly here, the Supreme Court held "[t]hat Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal–state balance in that respect was made clear in our decision in *Quern*." *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, (1979)). "[Section] 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States." *Quern*, 440 U.S. at 345.

The Court relied on the law the First Circuit set forth in *Sinapi v. Rhode Island Board of Bar Examiners* for the foundational principle that "Congress … has the power to abrogate Eleventh Amendment immunity when properly exercising its power under Section 5 of the Fourteenth Amendment. No immunity protects states

4

from a claim for monetary damages based on 'actual violations' of the Fourteenth Amendment." 910 F.3d 544, 553 (1st Cir. 2018) (citing *United States v. Georgia*, 546 U.S. 151, 158 (2006) (emphasis in original)). That section states that "[t]he Congress shall have power to enforce, by appropriate legislation,[4] the provisions of this article." U.S. Const. amend XIV, § 5.

The First Circuit noted, however, that its statement in *Sinapi* that there was no sovereign immunity for actual violations of the Fourteenth Amendment "concerned a cause of action, Title II of the Americans with Disabilities Act, for which Congress unequivocally expressed an intent to abrogate Eleventh Amendment immunity." *Jafri v. New Hampshire Supreme Ct. Comm. on Character & Fitness*, No. 22-1802, 2023 WL 7294994, at *1 (1st Cir. Oct. 23, 2023) (quoting *Sinapi*, 910 F.3d at 552-53). The ADA was the vehicle in that case by which Congress unequivocally abrogated Eleventh Amendment immunity. Legend's Creek brings its claim under 42 U.S.C. § 1983 and "Congress did not unequivocally express an intent to abrogate Eleventh Amendment immunity in § 1983." *Jafri*, 2023 WL 7294994, at *1 (citing *Quern*, 440 U.S. at 345 ("§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States."). The United States Supreme Court has been

---

[4] Other than 42 U.S.C. § 1983, Legend's Creek does not cite to any other federal statute in its Amended Complaint.

consistent in noting that "[t]he language of § 1983 … falls far short of satisfying the ordinary rule of statutory construction that if Congress intends to alter the 'usual constitutional balance between the States and the Federal Government,' it must make its intention to do so 'unmistakably clear in the language of the statute.'" *Will*, 491 U.S. at 65 (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242 (1985)). Therefore, the State's Eleventh Amendment immunity in this case is intact.

The Court now must reconsider whether there is a Takings Clause exception to the Eleventh Amendment. "The Supreme Court has not addressed whether Eleventh Amendment immunity applies to takings claims against states or territories." *Clemente Properties, Inc. v. Pierluisi-Urrutia*, 693 F. Supp. 3d 215, 247 (D.P.R. 2023), *aff'd in part, rev'd in part*, 165 F.4th 1 (1st Cir. 2026). The First Circuit has also "not dwelled on this thorny subject, [but] the consensus among most federal courts of appeals is to allow state governments to mount sovereign immunity defenses as to takings claims." *Id.* This uncertainty at the appellate level contributed to the challenge when the Court initially decided this issue and remains to this day, but the Court will examine some recent cases to discern an outcome faithful to the rule of law.

Our sister District of Puerto Rico in *Clemente Properties*,[5] which followed an earlier holding in *Puma Energy Caribe LLC v. Puerto Rico*, determined after

---

[5] Because the First Circuit had a pending appeal in *Clemente Properties, Inc. v. Pierluisi-Urrutia*, where there was a challenge to whether the Eleventh Amendment applied to a takings claim, the Court awaited that decision for guidance. Alas, the First Circuit declined to decide this unsettled constitutional issue in favor

6

reviewing cases across the country that "plaintiffs could not pursue their Fifth Amendment claim under Section 1983 since it did not apply when suing the Commonwealth or its officers in their official capacities for monetary relief and the Eleventh Amendment equally barred their request for monetary relief." *Clemente Properties, Inc.*, 693 F. Supp. 3d at 248 (citing *Puma Energy Caribe LLC v. Puerto Rico*, Civ. No. 20-1591 (DRD), 2021 WL 4314234, at *1 n.3 (D.P.R. Sept. 22, 2021)). On appeal, the First Circuit affirmed dismissal of the takings claim against the Commonwealth Defendants, finding that trademark takings are not governed by the same principles as physical takings and did not reach sovereign immunity with respect to this claim. *Clemente Properties, Inc. v. Pierluisi-Urrutia*, No. 23-1922, 2026 WL 125574, at *36 (1st Cir. Jan. 16, 2026) ("Because we concluded that the district court correctly determined that the takings claim failed on the merits, we need not address appellants' argument that there is a Takings Clause exception to sovereign immunity either.").

In *Soscia Holdings, LLC v. Rhode Island*, 677 F. Supp. 3d 55, 68 (D.R.I. 2023), the Court considered the plaintiff's argument that other courts have found that the United States Supreme Court created a Takings Clause exception to sovereign immunity in *Knick v. Township of Scott, Pennsylvania*, 588 U.S. 180 (2019). The court considered that interpretation but disagreed and held that *Knick* did not address a state's sovereign immunity at all because that case was against a

---

of affirming the district court's ruling that the plaintiffs' takings claims failed on the merits. *Clemente Properties, Inc. v. Pierluisi-Urrutia*, 165 F.4th 1 (1st Cir. 2026).

municipality not a state. *See Soscia Holdings*, 677 F. Supp. 3d at 68 (where the court analyzed the caselaw and determined that "every case where the plaintiff has argued * * * that takings claims are not subject to sovereign immunity pursuant to *Knick*, courts have ruled against the plaintiff"). Based on this analysis, the court in *Soscia Holdings* allowed a state to invoke Eleventh Amendment sovereign immunity in a takings claim for money damages against the State in federal court. *Soscia Holdings*, 677 F. Supp. 3d at 66-67 (acknowledging the well-settled principle of sovereign immunity and finding it applicable because no exception applied).[6]

Based on the reasoning of these more recent cases, the Court finds that a Fifth Amendment Takings claim brought under § 1983 is not an exception to the rule that the States have Eleventh Amendment sovereign immunity from suits brought in federal courts. *See, e.g.*, *Citadel Corp. v. P.R. Highway Auth.*, 695 F.2d 31, 33 n.4 (1st Cir. 1982) (noting in an inverse condemnation case that "[e]ven if the constitution is read to require compensation …, the Eleventh Amendment should prevent a federal court from awarding it.").[7]

---

[6] In *Soscia Holdings*, the appellant did not appeal the district court's decision to dismiss the takings claim against the state actors under the Eleventh Amendment and *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).
   The court also found that a takings claim is not an exception to immunity in federal court because they had a remedy in state court for their claims, noting that Rhode Island courts are "open" to takings claims. *Soscia Holdings, LLC v. Rhode Island*, 677 F. Supp. 3d 55, 67 (D.R.I. 2023). There is no assertion here–and no support in Rhode Island Supreme Court precedent–that Rhode Island courts would not hear Legend's Creek's takings claims. *See Alegria v. Keeney*, 687 A.2d 1249 (R.I. 1999) (hearing and decision on the merits of a takings claim based on denial of building application under the Rhode Island Freshwater Wetlands Act); *Marek v. Rhode Island*, 702 F.3d 650, 654 (1st Cir. 2012) ("Rhode Island courts recognize a cause of action for inverse condemnation, allowing for recovery when a governmental

8

B.  WAIVER/CONSENT TO SUIT

Legend's Creek also argued that the State consented to a Takings claim suit by waiving immunity under the Rhode Island Tort Claims Act, R.I. Gen. Laws § 9-31-1(a).  "When evaluating whether a statute includes such a waiver, [a] court will find waiver only where stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction."  *Parente v. Lefebvre*, 122 F.4th 457, 462 (1st Cir. 2024) (internal quotations and citations omitted).  Waiver can also be found "if a state's highest court has expressly held that the state statute at issue includes such a waiver."  *Parente v. Lefebvre*, 122 F.4th 457, 462 (1st Cir. 2024) (citing *Della Grotta v. Rhode Island*, 781 F.2d 343, 347 (1st Cir. 1986) (cautioning "that waiver may not be inferred from a less than explicit statute … to protect a state from a federal court's ill-founded, possibly mistaken, view of what its state legislature really intended")).

"[T]he State Tort Claims Act waived Eleventh Amendment immunity for "all actions of tort."  *Id.* (quoting R.I. Gen. Laws § 9-31-1(a) (emphasis in original)).  In *Laird v. Chrysler Corporation*, the Rhode Island Supreme Court held that this statute abrogated the State's (and its subdivisions and agencies) sovereign immunity for tort claims brought in both state and federal court.  460 A.2d 425, 428 (R.I. 1983).  The court reasoned that the "legislature, by enacting this provision, intended 'to place the state in the same position as any other private litigant and thus amenable to suit in

---

entity exercising land use restrictions or regulations effectively takes property without formally exercising its eminent domain power.").

9

either state or federal court.'" *Parente*, 122 F.4th at 461–62 (quoting *Laird*, 460 A.2d at 430). First, no court has established that a Fifth Amendment Takings claim is a tort. Legend's Creek argued that a takings claim can act like a tort, but that is not enough to disturb the balance of federal and state authority. Because it is not a tort, the State cannot be said to have waived its Eleventh Amendment immunity here.

Second, a state actor sued under the Fifth Amendment for an unconstitutional taking cannot even by the act of the legislature be placed in the same position as a private litigant, as *Laird* references to show waiver, who cannot be sued for an unconstitutional taking. *Laird*'s reasoning is that "in order to have an actionable claim against the state, just as with a private defendant, a plaintiff must show that there was a breach of a duty owed to him or her in an individual capacity and not merely a breach of some obligation owed to the general public." *Parente*, 122 F.4th at 463 (quoting *Laird*, 460 A.2d at 429-30); *see also Ryan v. State Dep't of Transp.*, 420 A.2d 841, 843 (R.I. 1980)). Property claims under the Takings Clause brought against a state actor are centered in obligations the State has to the public and the Court concludes are not actionable as a tort.[8] Thus, the Court finds that a Fifth

---

[8] Two other recent federal district court cases – *Parente v. Wall*, 708 F. Supp. 3d 192 (D.R.I. 2023) and *Bergeron v. City of Woonsocket*, No. 1:23-CV-093-MSM-LDA, 2025 WL 579617 (D.R.I. Feb. 21, 2025) – have grappled with what is a tort under R.I. Gen. Laws § 9-31-1(a) for sovereign immunity purposes. *Parente* considered whether a claim under the Rhode Island Civil Rights Act was a tort and concluded that it was. On appeal, the First Circuit in *Parente* analyzed the caselaw and, after concluding that "[t]he Rhode Island Supreme Court has not addressed whether RICRA claims are covered by the general waiver of sovereign immunity under the State Tort Claims Act" ultimately certified a question to the Rhode Island Supreme Court. *Parente v. Lefebvre*, 122 F.4th 457, 464 (1st Cir. 2024). Without the benefit of an answer from the Rhode Island Supreme Court, the court in *Bergeron*

10

Amendment Takings Clause claim against the State is not a tort under state law such that the State's waiver of sovereign immunity under R.I. Gen. Laws § 9-31-1(a) is not applicable here.

## II. CONCLUSION

Based on the State's Eleventh Amendment immunity defense, the Court GRANTS the State's Motion for Summary Judgment. ECF No. 27. The Court DISMISSES Plaintiffs' Counts I and II. Legend's Creek's Motion for Partial Summary Judgment is DENIED. ECF No. 30. Judgment shall enter for the State.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
John J. McConnell, Jr.
Chief United States District Judge

February 23, 2026

---

considered whether a claim under the Rhode Island Privacy Act is a tort and concluded that it is because the RIPA codified a common law violation of privacy as a tort and the Rhode Island Supreme Court called that claim a "tort of intrusion." *Bergeron*, 2025 WL 579617, at *8.